## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:20-cv-00055-RJC

| | | |
|---|---|---|
| WINDY LONDON PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant's Motions for Extension of Time to Answer Complaint, (DEs 5, 6), and the Parties' Cross Motions for Summary Judgment. (DEs 9, 12). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** this matter for further proceedings consistent with this Order.

## I.     BACKGROUND

Plaintiff Windy London Pruitt ("Pruitt") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Pruitt filed her application for disability insurance benefits on January 21, 2014. (Tr.[1] 174).

In denying Pruitt's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 20–35). At step one, the ALJ found that Pruitt had not engaged in substantial

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 8.

gainful activity since the alleged onset date. *Id.* at 23. At step two, the ALJ found that Pruitt had the following combination of severe impairments: history of left ankle fracture with ORIF and later arthrodesis and with revision surgery, fibromyalgia, gout, neuropathy, obesity, degenerative disc disease, carpal tunnel syndrome, migraines, bipolar disorder, and history of ADHD. *Id.* The ALJ also found Pruitt's irritable bowel syndrome to be non-severe. *Id.* At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. *Id.* at 24. Before moving to step four, the ALJ found that Pruitt had the residual functional capacity ("RFC") to perform sedentary work as explained below:

> [T]he claimant had the residual functional capacity to perform sedentary work (lift and carry 10 pounds occasionally and stand and/or walk 2 hours, as defined in 20 CFR 404.1567(a)), except she can occasionally bend and occasionally push and pull with the right lower extremity. She is limited to no more than frequent reaching, fingering, feeling, and handling. She should avoid hazards such as unprotected heights and moving machinery. She is limited to simple routine repetitive tasks involved in unskilled work. She can have occasional interaction with the public, and frequent interaction with supervisors and coworkers. She can stay on task for two hours at a time. She can walk 2 hours a day, but not more than 15 minutes at a time.

*Id.* at 26. At step four, the ALJ found that Pruitt could not perform any past relevant work, but found at step five that Pruitt could perform jobs that existed in significant numbers in the national economy, such as an addressor (50,000 jobs), final assembler (54,000 jobs), and waxer (40,000 jobs). *Id.* at 34–35.

After exhausting her administrative remedies, Pruitt brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title II, of the Social Security Act. (DE 1). Pruitt argues that the ALJ erred by (1) failing to weigh the opinion evidence of Pruitt's treating physician and (2) by failing to explain how he accounted for Pruitt's deficit in concentrating, persisting, and maintaining pace in the RFC. (DE 10). In response, Defendant argues that the ALJ's decision was proper. (DE 13).

2

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."    42 U.S.C. § 405(g).    In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so

3

long as there is "substantial evidence" in the record to support the final decision below.  *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III.    DISCUSSION OF CLAIM

Pruitt raises two challenges to the ALJ's decision that Plaintiff was not disabled: the ALJ's RFC is not supported by substantial evidence because (1) the ALJ failed to weigh the opinion evidence of Pruitt's treating physician and (2) the ALJ failed to explain how he accounted for Pruitt's deficit in concentrating, persisting, and maintaining pace in the RFC.  The Court grants remand based on Plaintiff's first challenge.

For claims filed before March 27, 2017, the regulations require ALJs to "always consider the medical opinions in your case" and to "evaluate every medical opinion" received.  20 C.F.R. § 404.1527(b)–(c).  And, if the ALJ does not give a treating physician's opinion controlling weight, the ALJ must "consider all of the following factors[2] in deciding the weight [to] give to any medical opinion."  *Id.*  The Fourt Circuit has found this to mean that ALJs must give reasons for the weight given to treating physicians' opinions and, if the weight given is not controlling, then ALJs must use the nonexclusive list of factors to determine the weight afforded.  *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 256 (4th Cir. 2017); *Sharp v. Colvin*, 660 F. App'x 251, 256–67 (4th Cir. 2016); *Bogley v. Berryhill*, 706 F. App'x 112, 113 (4th Cir. 2017); *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005).  "We cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence."  *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

In this case, the ALJ did not assign weight to the medical opinion of Pruitt's treating

---

[2] The factors include: examining relationship, treatment relationship, length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors.  20 C.F.R. § 404.1527(c)(1)–(6).

4

physician, Dr. Baker. Dr. Baker treated Pruitt's depression beginning in 2011 and his notes and GAF scores are part of the medical record. While the ALJ did discuss certain GAF scores, mentioned Dr. Baker by name, and even discussed Dr. Baker's notes, the ALJ failed to assign weight to Dr. Baker's opinion or address the nonexhausitve list of factors to determine the appropriate weight. Thus, the Court is unable to conclude that the ALJ's RFC findings are supported by substantial evidence and remand is warranted for further consideration of this issue.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV.      CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.     Defendant's Motions for Extensions of Time to Answer Complaint, (DEs 5, 6), are **GRANTED**;

2.     Plaintiff's Motion for Summary Judgment, (DE 9), is **GRANTED**;

3.     Defendant's Motion for Summary Judgment, (DE 12), is **DENIED**; and

4.     This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

5

Signed: February 16, 2022

Robert J. Conrad, Jr.
United States District Judge