UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00055-RJC

| | |
|---|---|
| WINDY LONDON PRUITT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>)<br>) | **Order** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees. (DE 18). For the reasons stated herein, the Court will grant the motion in part and deny in part.

## I. BACKGROUND

After the Parties' filed cross Motions for Summary Judgment, (DEs 9, 12), the Court granted Plaintiff's Motion for Summary Judgment and remanded this matter to the Commissioner for further proceedings. (DE 16). Plaintiff then filed the instant motion for attorney fees. (DE 18). Plaintiff argues she is entitled to $11,228.68 in attorney fees for 53.60 hours of work and $421.15 in costs. (DE 19). The Commissioner agrees that attorney fees and costs are warranted. (DE 21). However, the Commissioner argues the attorney fees are excessive and requests that the fees be reduced to 31.35 hours, or $6,363.57. (*Id.* at 8). Specifically, the Commissioner argues that (1) time spent preparing the medical index should be reduced to zero because it is a clerical, non-compensable task, (2) attorney Waller's time spent preparing the Memorandum In Support of Motion for Summary Judgment and response brief is excessive and should be reduced because she is an experienced Social Security attorney, and (3) attorney Piemonte's time spent reviewing attorney Waller's work should be reduced to zero because it is duplicative. (DE 21).

## II. DISCUSSION

### A. Preparing a medical index is a non-compensable task.

In the Western District of North Carolina, it has repeatedly been decided that preparing a medical index is a non-compensable clerical task. *See Mullis v. Kijakazi*, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the preparation of the medical index is a "superfluous, 'clerical task, which is not compensable.'"); *Marler v. Saul*, No. 3:20-cv-00035-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021) (same); *Hooper v. Saul*, No. 3:20-cv-00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021) (same). Indeed, this Court has previously held as much. *DiPiazza v. Comm'r of Soc. Sec.*, No. 3:20-CV-00735-RJC, 2022 WL 2182166, at *1–2 (W.D.N.C. June 16, 2022). Here, the October 9, 2021 entry states that Plaintiff spent 3.4 hours to "prepare [the] medical index". (DE 19). As this is a clerical task, the Court will reduce the total hours for that entry to zero.

### B. The number of hours charged by attorney Waller is not excessive.

Attorney Waller billed 36.3 hours for tasks related to the preparation of Plaintiff's Motion for Summary Judgment, excluding time spent preparing the medical index. (DE 19-2). She billed an additional 10.7 hours for time spent preparing the response brief. (*Id.*) The Commissioner argues that this amount of time is excessive given the experience and skill of counsel. (DE 21). Accordingly, the Commissioner requests that the hours billed for the preparation of the summary judgment brief be reduced (from 36.3 hours to 25 hours), as well as the hours billed to prepare the response brief (from 10.7 hours to 5 hours). (*Id.*)

Under the Equal Access to Justice Act ("EAJA"), an award of attorney's fees must be reasonable with respect to the hourly rate charged and the number of hours billed. *See Hyatt v. Barnhart*, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The prevailing party bears the burden of demonstrating to the Court that the number of hours charged

is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. The Court has discretion to determine what constitutes a reasonable fee award. *See May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991); *Hensley*, 461 U.S. at 433 ("It remains for the district court to determine what fee is 'reasonable'").

> i. <u>The amount of time spent preparing the Motion for Summary Judgment was not excessive.</u>

The Court declines to reduce the time spent by attorney Waller to prepare the Motion for Summary Judgement from 36.3 hours to 25 hours. Thirty-six hours does not seem unreasonable for counsel to prepare a summary judgment brief in a Social Security appeal given the enormity of the record. And the Commissioner failed to proffer any affidavits from experienced Social Security practitioners demonstrating otherwise. In *Mullis v. Kijakazi*, attorney Waller spent 32.8 hours preparing a summary judgement brief from a lengthy, 1,784-page administrative record. *See* No. 3:20-cv-00083-MR, 2021 WL 4391879, at *4 (W.D.N.C. Sept. 24, 2021). In that case, Judge Reidinger only reduced attorney Waller's time by 2.8 hours given that one of her arguments is commonly litigated in this circuit. *See id.*; *see generally Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017).

Here, the administrative record contained over 3,000 pages of documents – the medical record alone contains 2,780 pages. (DE 8). Attorney Waller successfully synthesized this record and distilled her arguments to a 22-page memorandum. (DE 10). It may be conceded that her arguments do not necessarily represent a "novel" approach to appeal an ALJ's decision. Indeed, attorney Waller is not the first attorney to challenge an ALJ's consideration of the residual functional capacity and weight assigned to medical opinion evidence. Nonetheless, it is reasonable to assume that these arguments are fact-intensive, requiring adequate time for counsel to apply the

unique facts to the law. There appears to be nothing inappropriate or unreasonable about spending this amount of time on a Social Security appeal with a sizable record; therefore, a reduction is not warranted here.

      ii.    <u>The amount of time spent preparing the response brief was not excessive.</u>

The Commissioner argues that the 10.7 hours attorney Waller spent preparing the response brief was excessive given her significant legal experience and the time she had already spent completing the summary judgment brief. As support, the Commissioner cites another case within this district, decided by Judge Reidinger, that found it excessive for attorneys to spend 8.75 hours drafting a six-page response and ordered a reduction to 5.0 hours. *Hasssan v. Kijakazi*, No. 5:19-CV-00125-MR-WCM, 2021 WL 3878279, at *4 (W.D.N.C. Aug. 27, 2021). However, another court has found 20.85 hours spent drafting a response brief reasonable because the response "brief is often the more important brief an appellant (or moving party) files" as it "requires an analysis of the issues in light of the opposing party's factual and legal arguments." *Hall v. Astrue*, No. 1:09-cv-0783-DML-LJM, 2010 U.S. Dist. LEXIS 134772, at *4–5 (D.N.H. Dec. 20, 2010). Given the enormity of the record in this case, and the fact that 10.7 hours is not outside the norm of what district courts have found as reasonable, a reduction from 10.7 hours to 5.0 hours is not warranted.

    **C.**    **Attorney Piemonte's time spent reviewing attorney Waller's work is reasonable.**

The Court declines to reduce attorney Piemonte's time spent reviewing, editing, and finalizing the Motion for Summary Judgment and the response brief (from 1.85 hours to zero hours). This Court previously declined to reduce a similar fee award where a supervisory attorney spent 1.25 hours reviewing a subordinate attorney's work. *DiPiazza v. Comm'r of Soc. Sec.*, No. 3:20-CV-00735-RJC, 2022 WL 2182166, at *2 (W.D.N.C. June 16, 2022). Moreover, there is no rule that prevents multiple attorneys from working on drafting a brief and, to the extent the work

4

is not duplicative, attorneys are allowed to bill for the work they performed. Here, attorney Waller appears to have taken the lion's share of the work in drafting the Memorandum in Support of Motion for Summary Judgment and the response brief. Regardless of the experience of attorney Waller, there appears to be nothing inappropriate or duplicative with a supervising attorney like Piemonte spending just under two hours reviewing and finalizing twenty-seven pages of briefing before submission. In fact, not only does an attorney like Piemonte have a duty to zealously advocate on behalf of his client, but the rules of professional conduct also make him responsible for subordinate attorneys. N.C. RULES OF PROF'L CONDUCT r. 5.1 (N.C. STATE BAR); MODEL RULES OF PROF'L CONDUCT r. 5.1 (AM. BAR ASS'N). And it is not unreasonable for a supervisory attorney to review a subordinate attorney's work. Accordingly, a reduction for reviewing the briefs is not warranted here.

### III. CONCLUSION

For the medical index reduction, the billing rate for attorney Waller ("LBW") on the October 9 time entry was $209.05, and the Court reduced the hours from 3.4 hours to 0 hours. The reduction in fees for this entry is $710.77 ($209.05 x 3.4 hours). The Court declined any further reductions. Thus, the total reduction in fees is $710.77, and the total attorney fees Plaintiff is entitled to is $10,517.91 ($11,228.68 - $710.77).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorney fees is **GRANTED in part** and **DENIED in part**. Specifically, it is **DENIED** as to $11,228.68 in attorney fees for 53.60 hours of work and is **GRANTED** as to $10,517.91 in attorney fees for 50.2 hours of work and for $421.15 in costs.

**SO ORDERED**.

Signed: August 8, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge